**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Tyler, | No. CV09-2466-PHX-DGC |
| Plaintiff, | |
| vs. | **AMENDED ORDER** |
| Safeway, Inc., | |
| Defendant. | |

Defendant moves for summary judgment on all claims (Doc. 43), Plaintiff opposes (Doc. 47), and Defendant has filed a reply (Doc. 49). The parties do not request oral argument. The Court will grant the motion in part and deny it in part.

**I.    Background.**

A majority of the relevant facts in this action are not in dispute. The facts summarized in this section are undisputed unless the Court indicates otherwise. Some allegations the Court found not dispositive of the motion are omitted from this section, including some that are undisputed.

Plaintiff was employed by Defendant Safeway, Inc. for approximately 30 years. Doc. 44 ¶¶ 1-4. In 2009, while working in a Safeway store, Plaintiff asked a customer one or more questions regarding a lighter the customer may have taken, and the customer mentioned that she left it at the Starbucks that was located inside the store. Doc. 44 at 4; Doc. 48 at 8-9. The customer returned to the store to speak with the store manager about

her stated belief that Plaintiff had accused her of stealing. Doc. 48 at 8-9. The store manager gave the customer "a phone number to make a complaint" (Doc. 44 ¶ 26), and the customer filed a complaint with the central office regarding the incident. Doc. 48 at 8-9. Following an internal investigation (Doc. 48 at 9), Defendant terminated Plaintiff's employment (Doc. 44 ¶¶ 29, 32). The stated reason for termination was that Plaintiff violated Safeway's policy regarding engaging with suspected shoplifters ("Policy"). Doc. 44 ¶ 32; *see* Doc. 48 at 9. Defendant subsequently offered to convert Plaintiff's termination to a suspension if he would agree to a final written warning, and maintained the termination when Plaintiff would not agree. In light of the parties' pleadings and briefs, the Court deems as undisputed for purposes of this motion the fact that Plaintiff is a 54-year-old African American male (Doc. 48 at 5), and assumes Plaintiff qualifies as disabled under the Americans with Disabilities Act ("ADA") (*see* Doc. 1-2 at 18).[1]

On July 14, 2009, Plaintiff filed a complaint in Maricopa County Superior Court alleging three causes of action: race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Claim 1); disability discrimination in violation of the ADA (Claim 2); and age discrimination in violation of 29 U.S.C. § 623(A)(1) (Claim 3). Doc. 1-2. Claim 2 also alleges in part that "Defendant Safeway violated 42 U.S.C. § 1201.01, *et seq.*, by refusing to make reasonable accommodations for Plaintiff's disability." Doc. 1-2 ¶ 19. The case was removed to this Court.

On February 17, 2010, seven months after this case was filed, Plaintiff was reinstated to his position as a result of an arbitration pursued by Plaintiff's labor union. Doc. 44 ¶ 50; Doc. 48 at 5. The arbitrator converted the termination into a five-day disciplinary suspension, and awarded back-pay through May 29, 2009. Doc. 44 ¶ 52; Doc. 48 at 5. May 29, 2009 was the date on which Plaintiff rejected Defendant's offer of

---

[1] On the issue of disability, Defendant's motion for summary judgment argues only that Plaintiff failed to show Defendant's adverse action against him was made "because of an alleged disability" (Doc. 43 at 3:15, 10:19-20, 11:8-10) – it does not argue that Plaintiff is not disabled under the ADA.

reinstatement (Doc. 44 ¶ 52; Doc. 48 at 5), an offer Plaintiff asserts contained certain admissions, waivers, and other provisions unfavorable to Plaintiff (Doc. 47 at 9-10). Plaintiff further suggests that the offer itself was discriminatory. Doc. 47 at 2 (suggesting Defendant endorsed the store manager's discrimination in part by "failing to compensate and reemploy Mr. Tyler without subjecting him to onerous conditions not imposed on others"); *id.* at 10 ("[N]one of the other employees who testified they had confronted shoplifters were asked to sign such an Agreement . . . ."). The present complaint was not amended to reflect Plaintiff's reinstatement by the arbitrator, however, and the complaint pleads as violations only the termination, not post-termination conduct.

## II.      Legal Standard for Summary Judgment.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.     Discussion.

### A.      Summary of Arguments.

Before addressing claim-by-claim the arguments made by the parties, the Court will summarize the overarching positions. Defendant mainly argues that (1) Plaintiff failed to show he was treated less favorably than others similarly situated when he was terminated for violating the Policy, and (2) Plaintiff failed to show that the stated reason for the termination was merely a pretext. Doc. 43. Defendant asserts that the Policy is

strictly enforced against violators – or, at a minimum, against violators reported by customers. *See id.*

Plaintiff responds that the Policy is not strictly enforced and that other employees who have violated it – employees who are not African-American, not disabled, and younger – have not been suspended or terminated. Doc. 47. To be clear, Plaintiff does not appear to argue that once the corporate office learned of the violation they should have overlooked the incident because they did so for others. Instead, he suggests that the store manager who gave the customer the complaint hotline number could have overlooked the incident as he did for other employees in that store or, in the alternative, that Defendant should not have terminated Plaintiff because other employees violated the same policy but were not disciplined by corporate management.[2] *Id.*

In light of the parties' arguments, the issue before the Court is whether Plaintiff has introduced and cited to specific evidence that raises a genuine dispute about either (1) whether Plaintiff, in being terminated for violating the Policy, was treated less favorably than other similarly-situated employees, or (2) whether Plaintiff was terminated not for violating the Policy but for a discriminatory reason (i.e., whether the stated reason was pretextual).

## B.  Claim 1 – Racial Discrimination.

To show disparate treatment under Title VII and the framework enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must first

---

[2] Plaintiff also argues that Defendant declined to reinstate him after Plaintiff refused Defendant's offer of reinstatement, an action Plaintiff characterizes as discriminatory because other employees were not required to accede to such offers. Doc. 47 at 2, 9-10. To the extent Plaintiff suggests this was a separate act of discrimination, the complaint does not plead discrimination post-termination. The Court therefore will decline to address this argument. To the extent Plaintiff suggests this action is further evidence of Defendant's disparate treatment, however (Doc. 47 at 11), Plaintiff does not cite to evidence in the record showing that other employees were terminated and then voluntarily reinstated without being required to accept offers of reinstatement with similar terms. (The citation to the record in footnote 47 of Plaintiff's response, citing specifically to paragraph 48 of Plaintiff's statement of facts, does not concern this factual issue.)

"establish[] a prima facie case by showing that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

Defendant's first argument is that Plaintiff lacks sufficient evidence to meet the fourth element of *McDonnell Douglas.* The Ninth Circuit "has explained that under the *McDonnell Douglas* framework, 'the requisite degree of proof necessary to establish a prima facie case for Title VII on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)); *see Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). Once a prima facie case is established, it is "presum[ed] that the employer unlawfully discriminated against the employee." *Wallis*, 26 F.3d at 889 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)) (internal quotation marks omitted).

Plaintiff has presented evidence of at least three Caucasian employees in his store who frequently confronted shoplifters and yet were not suspended or terminated. Doc. 14 ¶¶ 28-40. And yet Plaintiff was terminated for asking a customer about a cigarette lighter in an exchange the customer interpreted as an accusation of stealing. The Court finds this to be sufficient evidence to clear the low threshold for a prima facie case and satisfy the fourth element of *McDonnell Douglas.*

Relying on cases from the Sixth and Seventh Circuits, Defendant argues that these other employees are not similarly situated to Plaintiff in all material respects. Defendant does not dispute, however, that the employees were Caucasian, that they testified to frequently confronting shoplifters, and that they testified in the arbitration hearing that

managers and other employees at the store routinely confronted shoplifters.  Viewing the evidence in the light most favorable to Plaintiff, the Court cannot conclude as a matter of law that these employees were not sufficiently similar to Plaintiff to satisfy the fourth element of *McDonnell Douglas.*

Defendant also argues that Plaintiff has not shown "management, security, or human resources" knew about these other employees, or that the corporate decision-maker (Stuart Marcus) treated others more favorably than Plaintiff.  But the other employees testified at the arbitration hearing that store managers were aware of their regularly confronting shoplifters – indeed, that they returned stolen merchandise to the store managers after they retrieved it from shoplifters.

Defendant argues that even if Plaintiff has established a prima facie case, Defendant's stated reason for the adverse action is legitimate, non-discriminatory, and not pretextual.  Doc. 43.  In this circuit, "a plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1127 (9th Cir. 2000) (citation omitted).  "These two approaches are not exclusive; a combination of the two kinds of evidence may in some cases serve to establish pretext so as to make summary judgment improper." *Id.*  "[A] disparate treatment plaintiff can survive summary judgment without producing any evidence of discrimination beyond that constituting his prima facie case, if that evidence raises a genuine issue of material fact regarding the truth of the employer's proffered reasons." *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)).

As Defendant correctly suggests, it is not the province of this Court to second-guess Defendant's business judgment in suspending or firing employees.  But viewed in the light most favorable to Plaintiff, the evidence in this case suggests that Defendant

terminated an employee of 30 years for suggesting to a customer that she stole a cigarette lighter, and whose white co-workers engaged in violations of the same policy without retribution. Given this factual context, the Court concludes that a reasonable jury could find that Defendant's reason for the termination – enforcement of a policy that employees and managers routinely disregarded – was pretextual. The Court therefore will deny Defendant's motion for summary judgment on the Title VII claim.[3]

### C.     Claim 2 – Disability Discrimination.

"In order to prevail on an employment termination claim under the ADA, a plaintiff must establish: (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability." *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) (citation and quotation marks omitted). Defendant argues that Plaintiff failed to meet the third prong because he failed to show that the person who terminated him knew about his alleged disability. Doc. 43 at 11. But the inquiry cannot be so limited when a person who knew of Plaintiff's disability played a role in the events leading up to his termination. In this case, Defendant does not dispute that Plaintiff's immediate manager – who provided the corporate contact number to the complaining customer and did so in an environment where the Policy was routinely disregarded – knew of Plaintiff's disability. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 648 (9th Cir. 2003) ("[E]xplicitly discriminatory remarks by a subordinate may implicate the motive of the employer if her conduct 'set in motion the chain of events that led to . . . the adverse employment action.'" (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839,

---

[3] Defendant emphasizes that Plaintiff's encounter with a shoplifter in 2003 resulted in him receiving a final written warning, a fact that distinguishes him from the other employees who confronted shoplifters. This is an argument for the jury. Plaintiff has presented evidence of widespread disregard of the Policy by employees and managers at his store. A jury might conclude that such a warning is meaningless in an environment where the Policy is disregarded with respect to all other employees.

854 (9th Cir. 1999))); *see also Gilbrook*, 177 F.3d at 854 (9th Cir. 1999) ("[A] subordinate cannot use the nonretaliatory motive of a superior as a shield against liability if that superior never would have considered a dismissal but for the subordinate's retaliatory conduct.").

In an action alleging disparate treatment on the basis of an ADA disability, the *McDonnell Douglas* framework applies. *See Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008) (suggesting *McDonnell Douglas* applies to ADA claims). "In lieu of satisfying the elements of a prima facie case, a plaintiff may also 'simply produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated' the challenged decision." *Id.* (quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122-23 (9th Cir. 2004)). "Under either method, however, the plaintiff must counter the defendant's explanation with some evidence suggesting that the challenged action 'was due in part or whole to discriminatory intent.'" *Id.* (quoting *McGinest*, 360 F.3d at 1123).

In this case, Defendant does not dispute that Plaintiff was disabled under the ADA; Plaintiff's employment was terminated after a customer said he accused her of stealing a cigarette lighter; other non-disabled employees regularly confronted suspected shoplifters with impunity; and at some time prior to the incident, when Plaintiff had "a lot of" health issues assumed to be ADA disabilities, the store manager suggested to Plaintiff that he "retire to take care of [himself]." Doc. 47 at 3; Doc. 48 at 6, 75. Although the Court finds this to be a close case, the Court concludes that a reasonable jury could conclude that terminating Plaintiff for violation of the Policy was a pretext, and that Defendant's real motive was to divest itself of an employee whose ADA disabilities may have caused issues for management. The Court therefore holds that Defendant is not entitled to summary judgment on the ADA claim.

### D. Claim 3 – Age Discrimination.

Defendant argues that Plaintiff failed to show other substantially-younger

employees were treated more favorably and that age was the "but for" cause of the adverse action, citing to *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343 (2009).  Doc. 43 at 9-10.  Plaintiff responds with arguments similar to those made regarding racial discrimination, and also notes the store manager suggested that Plaintiff retire.  Doc. 47 at 14:7-8.

Plaintiff's age discrimination claim is brought under 29 U.S.C. § 623(A)(1), part of the Age Discrimination in Employment Act of 1967, as amended ("ADEA").  Unlike Title VII claims where liability can attach if "race, color, religion, sex, or national origin was *a motivating factor*" for an adverse employment decision, an ADEA claim requires the plaintiff "to establish that age was the 'but-for' cause of the employer's adverse action."  *Gross*, 129 S. Ct. at 2349, 2351 (emphasis in original).  This is Plaintiff's burden of persuasion at trial, however, not his burden of producing evidence on summary judgment.  *See id.* at 2351 n.4 (limiting the holding to the rule "that ADEA plaintiffs retain the burden of persuasion to prove all disparate-treatment claims," and noting that "[t]here is no heightened evidentiary requirement for ADEA plaintiffs to satisfy their burden of persuasion"); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (applying *McDonnell Douglas* to ADEA claims in the Ninth Circuit).

To make a prima facie case of disparate treatment under the *McDonnell Douglas* framework, Plaintiff must show that he was treated differently than other employees who were "substantially younger."  *See Diaz*, 521 F.3d at 1208 n.2 ("Generally, an employee can satisfy the last element of the prima facie case only by providing evidence that he or she was replaced by a *substantially younger* employee with equal or inferior qualifications." (emphasis added)); *see also O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) ("In the age-discrimination context, such an inference [of an illegal discriminatory reason] cannot be drawn from the replacement of one worker with another worker *insignificantly younger*." (emphasis added)).  "To maintain an age discrimination claim, a plaintiff must produce enough evidence to establish a prima facie

case of discrimination which, for purposes of summary judgment, means enough evidence to permit a trier of fact to infer the fact at issue." *Messick v. Horizon Indus., Inc.*, 62 F.3d 1227, 1229 (9th Cir. 1995). Although all justifiable inferences are to be drawn in favor of the non-moving party on summary judgment, *Anderson*, 477 U.S. at 255, a court is not required to assume facts the non-moving party does not argue.

Defendant asserts in its motion for summary judgment that Plaintiff is unable to present evidence that substantially younger employees were treated more favorably. Doc. 43 at 9-10. In response, Plaintiff provides only his own affidavit, which in one conclusory sentence asserts that employees treated more favorably were "younger." Doc. 48 at 19:4. No other evidence of their ages is provided.

A showing that other employees were merely "younger" is not sufficient for an ADEA prima facie showing under the *McDonnell Douglas* framework, and summary judgment must be entered when a Plaintiff fails to present evidence of an element of his claim on which he will have the burden of proof at trial. *Celotex*, 477 U.S. at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

"In lieu of satisfying the elements of a prima facie case, a plaintiff may also 'simply produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated' the challenged decision." *Budnick*, 518 F.3d at 1114 (quoting *McGinest*, 360 F.3d at 1122-23). Plaintiff seeks to satisfy this burden by showing the store manager suggested on one occasion that Plaintiff retire to take care of himself. Doc. 47 at 5, 14. Plaintiff's disability discrimination argument discussed above, however, suggests the retirement comment was made in the context of Plaintiff's health condition. Relying on this fleeting comment that is ambiguous according to Plaintiff's own framing of the case is not sufficient to raise a genuine issue of material fact. *See*

*Dept. of Fair Emp't & Housing v. Lucent Techs.*, 642 F.3d 728, 748 (9th Cir. 2011) ("[T]his fleeting evidence does not establish a pretext because it is ambiguous and insubstantial.").

Finally, to the extent Plaintiff's complaint and papers suggest race and disability discrimination were also motivating factors in the adverse employment action, such a position is inconsistent with the requirement that age be the "but for" cause in order for ADEA liability to attach. *See Gross*, 129 S. Ct. at 2351.

For these reasons, the Court holds that Defendant is entitled to summary judgment on the ADEA claim.

**IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 43) is **granted** with respect to Plaintiff's age discrimination claim and **denied** with respect to his race and disability claims. The Court will schedule a final pretrial conference by separate order.

Dated this 22nd day of July, 2011.

_____
David G. Campbell
United States District Judge